```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF OREGON


DANIEL LEE HOLTERMAN,                              CV. 10-508-HZ

        Petitioner,

    v.                                             OPINION AND ORDER

MARK NOOTH,

        Respondent.




    CRAIG WEINERMAN
    Office of the Federal Public Defender
    101 SW Main Street, Suite 1700
    Portland, OR  97204

        Attorney for Petitioner


    JOHN KROGER
    Attorney General
    JACQUELINE KAMINS
    Oregon Department of Justice
    1162 Court Street, NE
    Salem, OR  97301

        Attorneys for Respondent
```

1 - OPINION AND ORDER

HERNANDEZ, Judge.

Petitioner, in custody of the Oregon Department of Corrections following conviction on one count of Aggravated Murder, Felony Murder, two counts of Robbery in the Second Degree, one count of Attempted Aggravated Murder, and one count of Attempted Felony Murder, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES the Amended Petition for Writ of Habeas Corpus (#20).

## BACKGROUND

In 1983, Petitioner was sentenced to life imprisonment with a minimum of twenty years without possibility of parole on conviction for Aggravated Murder against one victim, and to a consecutive twenty-year sentence with a minimum of 10 years before being eligible for parole on Attempted Aggravated Murder against a second victim.[1] (#30, Ex. 101 Sentence Order.) In 2005, the Board of Parole and Post-Prison Supervision ("the Board") found Petitioner eligible for parole on his life sentence. (#30, Ex. 102, p.2.) He was released from his first sentence and began serving the consecutive sentence with a ten-year minimum. (*Id*.) The Board set a projected parole release date of February 01, 2015, with a hearing to be scheduled in August 2014. (*Id*.)

---

[1] In sentencing Petitioner, the court found one count of Robbery I merged with Felony Murder, which in turn merged with Aggravated Murder; and one count of Robbery I merged with Attempted Felony Murder, which in turn merged with Attempted Aggravated Murder.

2 - OPINION AND ORDER

Petitioner sought judicial review of the Board's decision but, in February 2007, the Oregon Court of Appeals denied review. (#30, Ex. 103.) Petitioner then sought to re-open the Board decision through the administrative review process. The Board denied Petitioner's request. (#30, Ex. 104.) Petitioner again sought judicial review. The Oregon Court of Appeals denied review on April 29, 2010. (#30, Ex. 105.)

In 2010, Petitioner also filed a state habeas corpus petition challenging the Board's decision. The state court denied relief finding there was no issue of material fact as a matter of law and, further, that the petition was frivolous and without merit. (#30, Ex. 106.) Petitioner's habeas appeal was dismissed as untimely, and he did not seek review in the Oregon Supreme Court. (#30, Ex. 107.) Appellate judgment issued May 20, 2010.

Petitioner filed the instant amended federal habeas petition alleging one ground for relief:
> Petitioner's sentences are illegal and contrary to the Constitution of the United States, in that: Petitioner was denied his right to due process under the Fourteenth Amendment to the United States Constitution, in that the State failed to adhere to its own sentencing rules, misapplied Oregon law, and improperly denied Petitioner of a liberty interest.

(#20, at 3.) Respondent asserts habeas relief is unavailable because Petitioner's claim is procedurally defaulted as he failed to fairly present it to Oregon's highest court. (#28, at 3.) Petitioner acknowledges he has procedurally defaulted his claim

but, never-the-less, argues the state deprived him of his right to Due Process and of his liberty interests.  (#31, at 4-6.)

## DISCUSSION

Generally, before a federal court may consider a petition for habeas relief pursuant to 28 U.S.C. § 2254, a state prisoner must have exhausted all available state court remedies through a direct appeal or through collateral proceedings.  *See* 28 U.S.C. § 2254 (b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (state courts must have an opportunity to act on claims before they are presented in a habeas petition).  A federal claim is "fairly presented" to the state courts if it was presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005)(internal citations omitted).  In Oregon, the Oregon Supreme Court is the highest state court with jurisdiction to hear post-conviction claims in satisfaction of the exhaustion requirement.  *See* Or. Rev. Stat. § 138.650 (2005).  Under limited circumstances, the Oregon Supreme Court has considered federal claims fairly presented when the petitioner specifically cross-referenced a brief filed with the Court of Appeals arguing the federal claims.  *Farmer v. Baldwin*, 346 Or. 67, 79-81, 205 P.3d 871 (2009).

When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred

4 - OPINION AND ORDER

under applicable state rules, the federal claims are procedurally defaulted. *Casey v. Moore*, 386 F.3d 896, 920 (9th Cir. 2004); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750. "Cause" for procedural default exists only if petitioner shows "that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." *Murray v. Carrier,* 477 U.S. 784, 488 (1986). "Actual prejudice" must be actual and substantial disadvantage. *United States v. Frady*, 456 U.S. 152, 170 (1982). Demonstrating that failure to consider the claim will result in a "fundamental miscarriage of justice" requires a showing of actual innocence. *Schlup v. Delo,* 513 U.S. 298, 329 (1995); *Calderon v. Thomspon*, 523 U.S. 538, 559 (1998).

Petitioner concedes his claim is procedurally defaulted. Petitioner has not made a showing of cause and prejudice to excuse the default, nor has he shown that failure to consider his claim will result in a miscarriage of justice. Moreover, Petitioner's claim is premised on errors of state law and federal habeas relief does not lie for errors of state law. *Swarthout v. Cooke*, 131 S. Ct. 859, 861-63 (2011) ("a 'mere error of state law' is not a

5 - OPINION AND ORDER

denial of due process[,]" *quoting Engle v. Isaac*, 456 U.S. 107, 121, n.21 (1982)).  Therefore, federal habeas relief is precluded.

## **CONCLUSION**

Based on the foregoing, the Petition for Writ of Habeas Corpus (#20) is denied.  The court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 8th day of June, 2011.

/s/ Marco A. Hernandez
Marco A. Hernandez
United States District Judge